## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JIMMY H. WILSON,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:11-CV-344-Y** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jimmy H. Wilson, ID #648961, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Abilene, Texas.

Respondent Rick Thaler is the Director of TDCJ.

## C. Factual and Procedural History

Petitioner is serving a 30-year sentence on his 1993 state court conviction for possession of a controlled substance in Tarrant County, Texas. (State Habeas R. at 48)[1]  The Texas Board of Pardons and Paroles (the Board) most recently denied petitioner release on parole on November 17, 2010. (Resp't Ans, Ex. A)  Petitioner claims the Board initially granted him parole on October 12, 2010, "in the form of an F-I-1," and that he "had planned to either parole to his brother's house in Wichita Falls or the 180-half-way house in Abilene," at which he had been accepted, however before his release the Board "revoked" his parole based on new evidence–i.e., a protective order filed by his ex-wife. (Pet'r Mem. at 6-8; Resp't Ans, Ex. A)   He contends his right to due process was violated because the Board did not afford him a hearing before "revoking" his parole. (Pet. at 7)  Petitioner filed a state habeas application, raising the issue presented, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover)  This federal petition for writ of habeas corpus followed.

## D. Rule 5 Statement

Respondent believes petitioner has exhausted his state court remedies as to the claim raised and that the petition is neither time-barred nor subject to the successive-petition bar. (Resp't Ans. at 3)

## E. Discussion

A habeas corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).

---

[1]"State Habeas R." refers to the record of petitioner's state habeas application no. WR-24,168-04.

A state prisoner does not have a federal constitutional right to early release on parole. *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Because petitioner does not have a constitutionally protected liberty interest in obtaining parole, he may not challenge the constitutionality of the procedures the Texas Board of Pardon and Paroles used to deny his parole. *Orellana*, 65 F.3d at 32. The state courts' denial of habeas relief is in accord and is neither contrary to, or involve an unreasonable application of, clearly established federal law on the issue. 28 U.S.C. § 2254(d). Thus, petitioner is not entitled to federal habeas relief.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 24, 2011. In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 24, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October _____3_____, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE